O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM R SMITH, | Case No. CV 08-00888 DDP (MANx) |
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL ARBITRATION IN CALIFORNIA** |
| v. | [Motion filed on March 12, 2008] |
| PAUL GREEN SCHOOL OF ROCK MUSIC FRANCHISING, LLC, a Pennsylvania Limited Liability Corporation, | |
| Defendant. | |

This matter is before the Court on Plaintiff's motion to compel arbitration in California and to stay arbitration proceedings in Pennsylvania. After reviewing the papers submitted by the parties and considering the arguments therein, the Court is denies the motion and adopts the following order.

**I.    BACKGROUND**

Plaintiff Jim Smith is a franchisee of Defendant Paul Green School of Rock Music Franchising, LLC ("PGRSM"), a franchisor that promotes schools specializing in a rock music curriculum for youth

with an innovative performance-based method of instruction. In 2006, Smith and PGSRM entered a ten-year franchise agreement. The agreement allowed Smith to establish a PGRSM school in Agoura Hills, California and provided Smith with rights to establish schools in other locations. The agreement placed certain performance obligations on PGRSM to assist Smith as one of its franchisees. The agreement further provided for arbitration of disputes in Philadelphia, Pennsylvania.

Soon after entering the agreement and opening the Agoura Hills location, Smith claims that he began having problems with PGRSM. Smith alleges PGRSM made false and misleading statements regarding its curriculum when it in fact "has no curriculum." (Mot. 3.) Smith further alleges that PGRSM did not perform a number of its obligations under the franchise agreement, engaged in activities detrimental to Smith's ability to operate a successful franchise, and required Smith to utilize a flawed billing system that angered customers and increased operation costs. Smith asserts that he and other franchisees complained to PGRSM regarding its practices, and afterwards, that PGRSM submitted a demand for arbitration claiming that Smith did not properly report royalties.[1]

Smith filed an objection with the American Arbitration Association ("AAA") to the arbitration being held in Pennsylvania. Smith argued that he had claims under California's Franchise Investment Law and that the California addendum to the franchise agreement, as well as California law, render the Pennsylvania

---

[1] According to PGRSM, Smith later terminated the franchise contract in January 2008.

2

venue provision unenforceable. In a letter to the parties, the AAA responded as follows:

> The [AAA] has carefully reviewed the positions and contentions of the parties as set forth in their correspondence. The claimant [PGRSM] has met the filing requirements of the rules by filing a demand for arbitration providing for administration by the [AAA] under its rules.
>
> . . .
>
> Accordingly, in the absence of agreement by the parties or a court order staying this matter, the [AAA] will proceed with administration pursuant to its rules. The parties may wish to raise this issue, upon appointment of the arbitrator.

(Pl.'s Exh. E.)

Smith then filed this lawsuit.[2] Smith requests that the Court compel arbitration in California and stay proceedings in Pennsylvania. After considering the papers filed in connection with this motion, the Court requested supplemental briefing on the burden of proof under California law, the anti-waiver provision of the California Franchise Investment Act, and the unconscionability defense to enforcement of the arbitration clause.

**II. DISCUSSION**

A. <u>Judicial Review of Arbitration Clauses</u>

Federal policy favors arbitration as a means to resolve disputes. The Federal Arbitration Act ("FAA") sets forth the

---

[2]Smith also answered PGRSM's claim and filed a counterclaim with the AAA.

3

general rule for enforceability of arbitration clauses. As explained by the U.S. Supreme Court:

> A written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443-444 (2006) (citing FAA, 9 U.S.C. § 2). A federal court makes the determination whether an arbitration provision is valid and enforceable, whereas any challenge to the contract's validity as a whole must be heard first by the arbitrator. Id. at 445-446 (explaining that together Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967) and Southland Corp. v. Keating, 465 U.S. 1 (1984) establish this rule).

In reviewing the enforceability of an arbitration clause, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2 [of the FAA]." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996). A federal court, while limited to reviewing the validity of the arbitration clause itself, may consider the circumstances that surround the making of an agreement when a contract defense so requires. Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1264 (9th Cir. 2006) (en banc).

B. <u>Smith's Challenge to PGRSM's Arbitration Clause</u>

Smith does not challenge arbitration itself, but rather, the forum selection and choice of law provisions within the arbitration clause. In his complaint and his motion, Plaintiff Jim Smith maintains that PGRSM's arbitration clause should be found unenforceable insofar as it "seeks to negate the California Franchise Investment Law, an unwaivable statute, via tandem Pennsylvania forum selection and choice of law provisions." (Pl.'s Mot. 8.) In accordance with the rule that an arbitration clause may be invalidated based upon "generally applicable contract defenses," the Court indicated in its Order requesting supplemental briefing that Smith may be read to argue the forum selection and choice of law provisions are unconscionable. (See Order Requesting Supplemental Briefing, at 5.)

Unconscionability is a general contract defense that may, in whole or in part, render an arbitration clause unenforceable. See Doctors Assocs., Inc., 517 U.S. at 686-87. see also Indep. Ass'n of Mailbox Ctr. Owners, Inc. v. Superior Court, 133 Cal. App. 4th 396, 407 (2005) ("Franchise agreements are not per se unenforceable, but their provisions can be examined to see if the characteristics of unconscionability are present in part or in whole."). In California, courts analyze a contract for procedural unconscionability and substantive unconscionability. Nagrampa, 469 F.3d at 1280.[3] The ultimate determination whether a contract

---

[3]Under the FAA, 9 U.S.C. § 1, the question whether an agreement to arbitrate is valid is governed by state law. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Here, although the arbitration agreement contains a choice of law provision that Pennsylvania law will apply, both parties analyze the validity of the arbitration clause under California law. Accordingly, the Court analyzes unconscionability under California
(continued...)

5

provision is unconscionable involves a sliding scale analysis: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability that is required to come to the conclusion that the term is unenforceable, and vice versa." Id. (citations omitted)

### 1. Procedural Unconscionability

In considering procedural unconscionability, a court inquires whether the contract terms were the result of "oppression" or "surprise." Nagrampa, 469 F.3d at 1280 (citations omitted). This inquiry focuses on "whether the arbitration agreement is adhesive." Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 113 (2000). "When the weaker party is presented the clause and told to 'take it or leave it' without the opportunity for meaningful negotiation, oppression, and therefore procedural unconscionability, are present." Szetela v. Discover Bank, 97 Cal. App. 4th 1094, 1100 (Ct. App. 2004).

Smith's arguments primarily relate to the issue of substantive unconscionability. Nevertheless, Smith argues that the arbitration clause is procedurally unconscionable because it was presented on a "take it or leave it" basis, PGRSM had superior bargaining power, and PGRSM was the only franchisor of its kind in the field of rock music schools.[4] (Pl.'s Suppl. Br. 6-7.)

---

[3](...continued)
law. See Nagrampa, 469 F.3d at 1267.

[4]Smith also asserts that the California Addendum to the Franchise Agreement contained a provision that stated the venue provision may be unenforceable under California law, and that this provision makes the forum selection provision procedurally unconscionable. The Court considers this argument to relate to substantive unconscionability, and therefore, considers it in that
(continued...)

PGRSM counters that procedural unconscionability cannot be found because Smith actually negotiated an additional addendum to his franchise contract, which included special terms regarding grand opening promotions, options for franchises in two additional territories, and rights of first refusal and crediting of fees. (Def.'s Suppl. Br. 5-6.) PGRSM further argues that Smith cannot argue surprise because the various franchise agreement and addendums prominently and clearly indicated the requirement of arbitration in a Pennsylvania forum. (Id.)

Smith does not contest that he had notice of the Pennsylvania forum provision, although he does argue that he believed any arbitration would occur in California, an argument the Court will take up below. Indeed, there is no evidence of surprise in the record as the arbitration clause was not hidden in any way. Nevertheless, the parties dispute whether the franchise agreement was presented on a "take it or leave it" basis, thereby making it a procedurally unconscionable adhesion contract.[5] PGRSM maintains that Smith was able to negotiate a number of terms in the franchise agreement. (Declaration of Matt Ross.) In a declaration attached to his supplemental briefing, Smith asserts that PGRSM informed him that the terms of the franchise agreement were not subject to negotiation. (Declaration of Jim Smith ("Smith Decl.") ¶ 2.)

---

[4](...continued)
section of this Order.

[5] In Nagrampa, the Ninth Circuit indicated that California case law is unclear "whether a contract of adhesion is inherently oppressive . . . or whether oppression is a separate element that must be present." Either way, the Ninth Circuit further explained that procedural unconscionability has been shown if adhesion and oppression are both independently established. Nagrampa, 469 F.3d at 1281.

7

Without resolving this dispute, the Court still finds at least minimal procedural unconscionability. Courts that have addressed adhesion in the context of an arbitration clause have focused specifically on whether it was offered on a "take it or leave it" basis and was the subject of negotiation. See, e.g., Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). Here, there is no evidence of real negotiation over the terms of the arbitration clause itself. There is also no indication that Smith could have opted out of the forum selection or choice of law provisions within the arbitration clause. See Davis v. O'Melveny & Myers, 485 F.3d 1066, 1073 (9th Cir. 2007). This suggests that the terms of that clause may have been offered on a "take it or leave it" basis.

Moreover, the inequality in bargaining power between franchisors and franchisees is well-established. See, e.g., Postal Instant Press, Inc. V. Sealy, 43 Cal. App. 4th 1704, 1715-16 (1996). To support unequal bargaining in this case, Smith compares the fact that PGRSM has many locations across the country with the fact that he has to work a second job. (Smith Decl. ¶ 8.) Although the record is largely undeveloped in this regard,[6] the unequal franchisor-franchisee bargaining relationship lends some additional support to Smith's assertion of procedural unconscionability.

---

[6] The parties do not provide details on PGRSM, including the scope of its operations and its wealth. Smith does not specify his second job, nor does he provide his wealth relative to PGRSM. See Nagrampa, 1282-83 (considering such facts relevant to unequal bargaining power).

8

As the Court has found at least some procedural unconscionability, the Court proceeds to analyze substantive unconscionability. However, the evidence of procedural unconscionability is minimal indeed, and thus, a significant showing of substantive unconscionability is required to invalidate the forum selection and choice of law provisions.

### 2. Substantive Unconscionability

Smith's primary argument is that PGSRM's franchise agreement "seeks to negate the California Franchise Investment Law, an unwaivable statute, via tandem Pennsylvania forum selection and choice of law provisions."[7] (Pl.'s Mot. 8.) Smith concludes, therefore, that the forum selection and choice of law provisions should not be enforced.

"California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable." Am. Online v. Superior Court, 90 Cal. App. 4th 1, 11 (Ct. App. 2001). California similarly favors enforcement for choice of law clauses. Washington Mut. Bank v. Superior Court, 24 Cal. 4th 906, 917 (2001). However, forum selection or choice of law provisions within an arbitration clause are unconscionable if the provisions are found

---

[7]The Court notes at the outset that Smith's reliance on California Business and Professions Code § 20040.5 in support of this argument is misplaced. That section states that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5. The Ninth Circuit has held that California Business and Professions Code § 20040.5 was preempted by the FAA. Bradley v. Harris Research, 275 F.3d 884, 890 (9th Cir. 2001).

9

"unduly oppressive" or to "shield[] the stronger party from liability." See Nagrampa, 469 F.3d at 1287.

Smith argues that PGRSM has the burden of proof on enforcement of the forum selection and choice of law clauses. The Court agrees. The California Franchise Investment Law (CFIL) provides "special protection" to franchisees in their business relationships with franchisors. See, e.g., Keating v. Superior Court, 31 Cal. 3d 584, 593-594 (1982), overruled on other grounds Keating, 465 U.S. at 16. Franchisees are prohibited from waiving their statutory rights and remedies under the CFIL. Cal. Corp. Code § 31512.[8] When California law provides for non-waivable statutory rights and a forum selection clause threatens to undermine those rights, the party seeking enforcement of the forum selection clause has the burden of proving that the clause is reasonable and should be enforced. See Nagrampa, 469 F.3d at 1289 (discussing California cases); Wimsatt v. Beverly Hills Weight Etc. International, Inc., 32 Cal. App. 4th 1511, 1522 (Ct. App. 1995) (shifting the burden of proof to the franchisor "to show that litigation in the contract forum will not diminish in any way the substantive rights afforded California franchisees under California law"); see also Am. Online, 90 Cal. App. at 10 (shifting the burden of proof to party seeking enforcement of forum selection clause where the California Consumer Legal Remedies Act contained an anti-waiver provision).

In this case, PGRSM has the burden of showing that Smith's rights as a franchisee under the CFIL will not be diminished by

---

[8] The provision states that "[a]ny condition, stipulation or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this law or any rule or order hereunder is void." Cal. Corp. Code § 31512.

10

enforcement of the forum selection or choice of law clauses.[9] PGRSM maintains that Smith's rights under the CFIL will not be diminished by enforcement of arbitration in Pennsylvania. PGRSM states that "it is well established by case law within the judicial district where the arbitration is to occur that the non-waivable statutory rights of California franchisees are recognized and enforced, notwithstanding a Pennsylvania forum with a contractual Pennsylvania choice of law clause." (Def.'s Suppl. Br. 3.) For this proposition, PGRSM cites to Cottman Transmission Sys., LLC v. Kershner, 492 F. Supp. 2d 461 (E.D. Pa. 2007).

In Cottman, the franchise agreements contained both Pennsylvania forum selection and choice of law provisions. Some of the defendant franchisees in Cottman brought CFIL counterclaims against the franchisor. Based upon conflict of laws principles, the district court found that the CFIL is "fundamental public policy" of California, that California had a materially greater interest in having its law applied, and that the CFIL offered a higher degree of protection to franchisees than Pennsylvania common law. Id. at 467-70. The court, therefore, "decline[d] to apply the franchise agreements' choice-of-law provision to preclude the Franchisees' from bringing claims under the [CFIL]. . . ." Id. at 471.

The Court reads PGRSM, in light of Cottman, to concede that the CFIL will apply in the arbitration of this case. Given PGRSM's

---

[9] Although PGRSM maintains that the burden does not shift under Nagrampa, the Court considers the relevant California case law discussed in Nagrampa to shift the burden when enforcement of a forum selection clause risks undermining nonwaivable statutory rights.

11

concession that the Pennsylvania forum is required to apply the CFIL under conflict of law principles, the Court finds that PGRSM's forum selection and choice of law provisions are enforceable because Smith's non-waivable substantive rights under the CFIL will not be undermined. The Court notes that its holding is contingent on PGRSM's concession. Smith must be able to pursue his CFIL rights and remedies during arbitration in the Pennsylvania forum. Moreover, PGRSM may not take a position before the arbitrator that would be inconsistent with the representations made here in seeking enforcement of forum selection and choice of law provisions.

No other reason has been identified to deny enforcement of the forum selection and choice of law provisions. Smith asserts that the California Addendum to PGRSM's franchise agreement recognizes the forum selection provision "may not be enforceable under California law" and then without discussion cites to <u>Laxmi Invs., LLC v. Golf, USA</u>, 193 F.3d 1095 (9th Cir. 1999). (Smith's Suppl. Br. 3.) However, Smith's assertion is inaccurate. The California Addendum does not state that the forum selection provision "may not be enforceable under California law." (<u>See</u> Smith Exh. A.) Rather, the Pennsylvania forum for arbitration appears several times in the franchise agreement without a qualification regarding California law.

As a result, the Ninth Circuit decision in <u>Laxmi</u> is not directly on point. In <u>Laxmi</u>, the Ninth Circuit refused to enforce a forum selection clause where the franchise offering circular stated that the clause "may not be enforceable under California law." Based upon this language in the franchise agreement, the Ninth Circuit reasoned that there was "no reasonable expectation

that [the franchisee] agreed to a forum other than California." Laxmi, 193 F.3d at 1097. Here, unlike in Laxmi, there was no language in the forum selection provision suggesting that the franchisee did not agree to a California forum.[10]

Finally, Smith argues that expense and inconvenience renders arbitration in Pennsylvania unconscionable. The Court understands that litigating in Pennsylvania will likely increase Smith's costs and cause some inconvenience; Smith and many of Smith's witnesses located in California will need to travel to Pennsylvania. The added expense and inconvenience of litigating in Pennsylvania, however, is not enough to invalidate the forum selection provision in the arbitration clause here. See Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles Cty., 17 Cal. 3d 491, 496 (1976) (noting when considering whether a forum selection clause is enforceable that "[m]ere expense or inconvenience is not the test of unreasonableness. . . ."). As PGRSM has conceded that Smith is permitted to pursue his CFIL rights and remedies in arbitration, enforcement of the provisions at issue here does not preclude Smith from pursuing non-waivable rights. The assertions of expense and inconvenience here are insufficient to support a contrary result.

Accordingly, the Court findS that the forum selection and choice of law provisions are enforceable. California applies a sliding scale analysis for unconscionability. Where, as here, the

---

[10] Smith only cites Laxmi in arguing against enforcement of the forums selection provision, and only argues against the choice of law provision on the basis of the CFIL's public policy. Although the California Addendum does provide that the choice of law provision "may not be enforceable under California law," PGRSM's concession on the applicability of the CFIL obviates the need to address enforceability of the choice of law provision in this regard.

13

evidence of procedural unconscionability is slight and there is little or no evidence of substantive unconscionability, the Court cannot conclude that the challenged provisions of the arbitration clause were unconscionable.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff Smith's motion to compel this arbitration in California. Plaintiff's Complaint in this action sought declaratory relief regarding enforcement of the forum selection and choice of law provisions in the arbitration clause of the franchise agreement. Because the Court finds those provisions enforceable, arbitration of this action should proceed in Pennsylvania. The proceeding in this Court is dismissed.

IT IS SO ORDERED.

Dated: May 5, 2008

DEAN D. PREGERSON
United States District Judge